**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:13-cv-438-RJC-DSC**

| | |
|---|---|
| **JAMES HUGHES, SR.,** ) | |
| ) | |
| Plaintiff, ) | **MEMORANDUM AND RECOMMENDATION** |
| ) | **AND ORDER** |
| ) | |
| v. ) | |
| ) | |
| **STATE FARM MUTUAL** ) | |
| **AUTOMOBILE INSURANCE** ) | |
| **COMPANY,** ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Defendant's "Motion for Judgment on the Pleadings" (document #7) and Plaintiff's "Motion for Leave to File Amended Complaint" (document #11), as well as the parties' briefs and exhibits. See documents ## 7, 8, 11 and 12.

This matter was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), and these Motions are now ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the Court will deny Plaintiff's Motion for Leave to File Amended Complaint. The undersigned respectfully recommends that the Motion for Judgment on the Pleadings be granted, as discussed below.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

Accepting the factual allegations of the Complaint as true, Plaintiff was involved in a motor vehicle collision with Suzanne Alexander on June 28, 2010. Plaintiff was injured and received the full liability limits of Ms. Alexander's insurance policy. He then filed a claim with his insurance carrier, Defendant State Farm, for underinsured motorist ("UIM") coverage.

Defendant was notified of the UIM claim on October 18, 2012. The claim was mistakenly filed under a policy belonging to James Hughes, Jr., the Plaintiff's son. After this was corrected, Plaintiff told Defendant that the form on file rejecting UIM coverage was signed by his son and applied only to his son's policy. Plaintiff alleges that he never rejected the UIM provision and is therefore entitled to one million dollars in coverage.

It is undisputed that the declarations page of Plaintiff's policy does not include UIM coverage. His liability coverage was the statutory minimum of $30,000/$60,000/$25,000. N.C. Gen. Stat. § 20-279.21(b)(4) (establishing minimum liability coverage on automobile liability policy of "thirty thousand dollars ($30,000) because of bodily injury to or death of one person in any one accident and, subject to said limit for one person, sixty thousand dollars ($60,000) because of bodily injury to or death of two or more persons in any one accident, and twenty-five thousand dollars ($25,000) because of injury to or destruction of property of others in any one accident.")

After reviewing Plaintiff's policy, Defendant denied the claim based upon there being no UIM coverage.

On June 26, 2013, Plaintiff filed suit in Gaston County Superior Court. He asserts claims for a declaratory judgment that the policy includes UIM coverage, bad faith, violations of the North Carolina Unfair and Deceptive Trade Practices Act and breach of contract. The gravamen of all these claims is that Defendant has denied UIM coverage.

On August 2, 2013, Defendant removed the state action to the United States District Court for the Western District of North Carolina alleging diversity of citizenship subject matter jurisdiction. Removal has not been challenged and appears proper.

On November 8, 2013, Defendant filed its Motion for Judgment on the Pleadings, asserting that Plaintiff was statutorily ineligible for UIM coverage because his policy carried the minimum liability coverage limits.

On December 27, 2013, Plaintiff filed his "Response … [and] Motion for Leave to File Amended Complaint" (document #11).

The Motions have been fully briefed and are ripe for determination.

## II. DISCUSSION

### A. Motion for Judgment on the Pleadings

#### 1. Standard of Review

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed.R.Civ.P. 12(c). In resolving a motion for judgment on the pleadings, the court must accept all of the non-movant's factual averments as true and draw all reasonable inferences in its favor. Bradley v. Ramsey, 329 F. Supp.2d 617, 622 (W.D.N.C. 2004). Judgment on the pleadings is warranted where the undisputed facts demonstrate that the moving party is entitled to judgment as a matter of law. Id. The court may consider the complaint, answer, and any materials attached to those pleadings or motions for judgment on the pleadings "so long as they are integral to the complaint and authentic." Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009); see also Fed.R.Civ.P. 10(c) (stating that "an exhibit to a pleading is part of the pleading for all purposes."). Unlike a Rule 12(b)(6) motion, the court may consider the answer as well on a Rule 12(c) motion. Alexander v. City of Greensboro, 801 F.Supp.2d 429, 433

(M.D.N.C. 2011).

Although a motion for judgment on the pleadings pursuant to Rule 12(c) is separate and distinct from a motion to dismiss under Rule 12(b)(6), federal courts apply the same standard for Rule 12(c) motions as for motions made pursuant to Rule 12(b)(6). Independence News, Inc. v. City of Charlotte, 568 F.3d 148, 154 (4th Cir. 2009); Burbach Broadcasting Co. of Delaware v. Elkins Radio Corp., 278 F.3d 401, 405-06 (4th Cir. 2002); Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999).

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In Iqbal, the Supreme Court articulated a two-step process for determining whether a complaint meets this plausibility standard. First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not

suffice." Id. (citing Twombly, 550 U.S. at 555) (allegation that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be true). Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark[] a notable and generous departure from the hyper-technical, code-pleading regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678-79.

Second, to the extent there are well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. Id. at 679. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief "will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief,'" and therefore should be dismissed. Id. (quoting Fed. R. Civ. P. 8(a)(2)). In other words, if after taking the complaint's well-pleaded factual allegations as true, a lawful alternative explanation appears a "more likely" cause of the complained of behavior, the claim for relief is not plausible. Id.

Since Plaintiff's policy carried only the minimum liability limits, he was statutorily ineligible for UIM coverage. Purcell v. Downey, 162 N.C. App. 529, 530, 591 S.E.2d 556, 558 (2004) (holding that N.C. Gen. Stat. § 20-279.21(b)(4) requires "a policyholder to maintain liability coverage that is above the statutory minimum in order to be eligible for UIM coverage") (quoting Pinney v. State Farm Mut. Ins. Co., 146 N.C. App. 248, 253, 552 S.E.2d 186, 190 (2001)); see also Smith v. Nationwide Mut. Ins. Co., 328 N.C. 139, 147, 400 S.E.2d 44, 50

5

(1991). In Purcell, the North Carolina Court of Appeals held that the validity of the purported selection/rejection form for UIM coverage was immaterial because plaintiff did not purchase a policy with liability coverage above the statutory minimum. 162 N.C. App. at 530, 591 S.E.2d at 559.

Even accepting the factual allegations of the Complaint as true, Plaintiff is not entitled to a declaratory judgment that he had UIM coverage under the policy. His remaining claims are premised on the existence of UIM coverage and must fail as well. For these reasons, and the other reasons stated in Defendant's briefs, the undersigned respectfully recommends that its Motion for Judgment on the Pleadings be granted.

### B. Motion to Amend

Federal Rule of Civil Procedure 15(a) provides in relevant part that a party may amend its own pleading once as a matter of course within twenty-one days after service of a responsive pleading or twenty-one days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. Fed.R.Civ.P. 15(a)(1)(B). Otherwise, a party may amend only with consent of the opposing party or leave of court. Fed.R.Civ.P. 15(a)(2).

The Fourth Circuit has held that "under Rule 15(a) leave to amend shall be given freely, absent bad faith, undue prejudice to the opposing party, or futility of amendment." United States v. Pittman, 209 F.3d 314, 317 (4th Cir.2000). Further, "the grant or denial of an opportunity to amend is within the discretion of the District Court." Pittston Co. v. United States, 199 F.3d 694, 705 (4th Cir.1999). "Where the facts upon which [a] new claim [is] based were known at the time of the original complaint ..., it is not an abuse of discretion to find bad faith." Ferguson v. Maita, 162 F.Supp.2d 433, 441 (W.D.N.C.2000); see also Al– Abood ex rel. Al–Abood v. El–

Shamari, 217 F.3d 225, 234 (4th Cir.2000). Moreover, where a motion to amend is filed in an attempt to circumvent a dispositive motion, leave to amend need not be granted. See Googerdy v. N.C. Agric. & Tech. State Univ., 386 F.Supp.2d 618, 623 (M.D.N.C.2005).

Plaintiff had twenty-one days from the filing of Defendant's Motion for Judgment on the Pleadings to file an amended complaint as a matter of right. He failed to do so.

As discussed above, Plaintiff was statutorily ineligible for UIM coverage. Purcell, 162 N.C. App. at 530, 591 S.E.2d at 558.

Plaintiff states only that his "proposed amended complaint is not futile…. [the] proposed amendment narrows the legal issues and scope of the factual inquiry. Plaintiff can demonstrate a viable basis for the requested relief and the recent understanding of the facts and circumstances will solidify and narrow the inquiry for both parties." Document #11-1 at 2. Plaintiff does not state what facts he intends to plead or how those facts would salvage his Complaint.

For this reason and the other reasons stated in Defendant's "Reply …" (document #12), Plaintiff's "Motion for Leave to File Amended Complaint" is denied.

### III. ORDER

**IT IS HEREBY ORDERED** that:

1. The Plaintiff's "Motion for Leave to File Amended Complaint" (document #11) is **DENIED**.

2. All further proceedings in this action, including all discovery, are **STAYED** pending the District Judge's ruling on this Memorandum and Recommendation and Order.

## IV. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Defendant's "Motion for Judgment on the Pleadings" (document #7) be **GRANTED**.

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to counsel for the parties; and to the Honorable Robert J. Conrad, Jr.

**SO RECOMMENDED AND ORDERED.**

Signed: January 16, 2014

David S. Cayer
United States Magistrate Judge