UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-438-RJC-DSC

| JAMES HUGHES, SR., | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | ) | |
| Defendant. | ) | |

**THIS MATTER** comes before the Court on Defendant's Motion for Judgment on the Pleadings, (Doc. 7), and Plaintiff's Motion for Leave to File Amended Complaint, (Doc. 11). The Magistrate Judge issued a Memorandum and Recommendation (M&R) (Doc. 13), which recommended that this Court grant Defendant's motion and deny Plaintiff's motion for leave to amend his complaint. Plaintiff filed objections (Doc. 15) to which Defendant replied. (Doc. 16). These issues are now ripe for review.

## I. BACKGROUND

Neither party has objected to the M&R's factual account which is incorporated here and need not be recounted. Relevant to this order are the findings of the Magistrate Judge that Plaintiff was statutorily ineligible for Uninsured Motorist Coverage (UIM) as his policy carried only the minimum liability limits. For this reason, the Magistrate Judge found that Plaintiff was not eligible for a declaratory judgment and that his claims should be dismissed as they were premised on the existence of UIM coverage. (M&R at 6). Finally, the Magistrate Judge

recommended that this Court deny Plaintiff's Motion for Leave to File an Amended Complaint.

Plaintiff did not address the Magistrate Judge's recommendations related to the dismissal of claims but limited his objections to the denial of leave to amend his complaint. Plaintiff contends that none of the factors supporting denial of leave to amend are present in this case and that the Court should grant leave to amend in order to account for "recently discovered facts." (Doc. 15 at 2). Plaintiff, however, did not disclose the nature of the newly discovered evidence.

## II. STANDARD OF REVIEW

The district court may assign dispositive pretrial matters pending before the court to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(B). The Federal Magistrate Act provides that "a district court shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." Id. at § 636(b)(1)(C); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, de novo review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Similarly, de novo review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting FED. R. CIV. P. 72 advisory committee's note).

Rule 12(c) motions are governed by the same standard as motions brought under Rule

12(b)(6).  Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999).  In its review of a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff."  Mylan Labs Inc. v. Matakari, 7 F.3d 1130, 1134 (4th Cir. 1993).  But the court need not accept allegations that "contradict matters properly subject to judicial notice or exhibit."  Blankenship v. Manchin, 471 F.3d 523, 529 (4th Cir. 2006).  The court may consider the complaint, answer, and any materials attached to those pleadings or motions for judgment on the pleadings "so long as they are integral to the complaint and authentic."  Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009); see also FED. R. CIV. P. 10(c) (stating that "an exhibit to a pleading is part of the pleading for all purposes.").  In contrast to a Rule 12(b)(6) motion, however, on a Rule 12(c) motion, the court may consider the answer as well.  Alexander v. City of Greensboro, 801 F. Supp. 2d 429, 433 (M.D.N.C. 2011).

The plaintiff's "[f]actual allegations must be enough to raise a right of relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint."  Id. at 563.  A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Thus, the applicable test on a motion for judgment on the pleadings is whether, when viewed in the light most favorable to the party against whom the motion is made,

3

genuine issues of material fact remain or whether the case can be decided as a matter of law. Alexander, 801 F. Supp. 2d at 433.

## III. DISCUSSION

As Plaintiff limited his objections to the Magistrate Judge's recommendation that leave to amend be denied, the Court likewise limits de novo review to this question. Nonetheless, the Court has reviewed the Magistrate Judge's recommendation and finds no clear error in his recommendation to dismiss the claim as Plaintiff was statutorily ineligible for UIM coverage and his claims are predicated upon the existence of such coverage.

In moving to amend his complaint, Plaintiff states that the absence of those factors favoring denial of the claim, namely, bad faith, undue prejudice, or futility, establish that leave to amend should be granted. See e.g., FED. R. CIV. P. 15(a); Foman v. Davis, 371 U.S. 178, 182 (1962). Absent such factors, Plaintiff contends, leave to amend should be freely granted. Foman, 371 U.S. at 182. The Court reviews this question de novo.

After a responsive pleading has been filed, a party may amend its complaint only by leave of court. See FED.R.CIV.P.15(a). Rule 15 states that, after twenty-one (21) days following service of process, leave to amend "shall be freely given when justice so requires." Id. Under Rule 15, a "motion to amend should be denied only where it would be prejudicial, there has been bad faith, or the amendment would be futile." Nourison Rug Corporation v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008) (citing HOMF Corp. v. Allen, 238 F.3d 273, 276-77 (4th Cir. 2001)). However, "the grant or denial of an opportunity to amend is within the discretion of the District Court." Pittston Co. v. U.S., 199 F.3d 694, 705 (4th Cir. 1999) (quoting Foman, 371 U.S. at 182). Courts may deny leave to amend on the grounds of futility when the proposed amendment

is clearly insufficient or frivolous on its face. Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986).

Here, the Court adopts the Magistrate Judge's recommendation to deny Plaintiff's leave to amend. Having determined that the Plaintiff's claim is substantively without merit, the Court finds that Plaintiff's leave to amend would be futile. Contrary to the local rules of this district, Plaintiff brought this motion in a responsive pleading; more importantly, Plaintiff has not offered any suggestion as to what might be contained in the amended pleadings or how the amended pleadings might cure any defects in the initial pleadings, other than to refer to "newly discovered evidence." See LCvR 7.1(C)(2) (establishing that "[m]otions shall not be included in responsive briefs. Each motion should be set forth as a separately filed pleading."). Plaintiff has not offered proposed pleadings. Nor has he put forth any facts regarding the nature of the newly discovered evidence or how it might cure the deficiencies of the original complaint. Finally, this decision is informed by the fact that the motion follows after Defendant moved for judgment on the pleadings, providing Plaintiff the opportunity to preview the various legal and factual defenses to its complaint. In the face of a motion for judgment on the pleadings, it is insufficient to suggest without additional explanation, as Plaintiff does, merely the existence of new evidence that might address deficiencies in a complaint. To allow such risks rendering meaningless motions for judgment on the pleadings as a plaintiff could merely elude, with no additional explanation, to some heretofore unknown evidence that conveniently cures all defects outlined in the defendant's motion.

Accordingly, the Court adopts the M&R, dismisses Plaintiff's claims and denies Plaintiff's motion for leave to amend. However, the Court dismisses this case without prejudice

to allow Plaintiff to file a new case incorporated any allegations not contained in this complaint.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. The Court **ADOPTS** the Magistrate Judge's recommendations (Doc. 13).

2. Defendant's Motion for Judgment on the Pleadings, (Doc. No. 7), is **GRANTED** and this case is **DISMISSED WITHOUT PREJUDICE**.

3. Plaintiff's Motion for Leave to Amend Complaint, (Doc. No. 11), is **DENIED**; and,

3. The Clerk of Court is directed to close this case.

Signed: April 25, 2014

Robert J. Conrad, Jr.
United States District Judge